Gateway Mgmt. Servs., Ltd. v. Advanced Lubrication Tech., Inc., 2008 NCBC 11.

STATE OF NORTH CAROLINA

FORSYTH COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
08 CVS 85

GATEWAY MANAGEMENT SERVICES,
LTD.,

Plaintiff,

v.

ADVANCED LUBRICATION
TECHNOLOGY, INC.,

Defendant.

**ORDER ON MOTION FOR EXTENSION
OF TIME**

This matter is before the Court on Plaintiff's Motion for Extension of Time to respond to Defendant's counterclaims. (Pl. Mot.) The motion for extension of time was filed at 4:40 p.m. on April 21, 2008. In support of its motion, Plaintiff informed the Court that "the time for serving Plaintiff's answers to the Counterclaims [had] not expired." (Pl. Mot.) Plaintiff also stated it had "attempted to contact counsel" but "was unsuccessful" and therefore could not state whether Defendant opposed the motion. (Pl. Mot.) Plaintiff filed its response to the counterclaims on April 22, 2008. Defendant has not been prejudiced by delay. The parties filed briefs opposing and supporting the motion on April 23 and 24, respectively. Plaintiff received a *de facto* extension of time to file its response. BCR 9.2 (2006). The Court enters this Order nonetheless to clarify two matters of interest: service before an Order requiring electronic filing ("e-filing") is entered and counting days.

The first matter of interest is when the time period for a response or filing is triggered if one party has not yet registered to e-file with the Court and if an Order requiring e-filing is not yet entered. Defendant e-filed its counterclaims on March 14, 2008, and mailed a copy to Plaintiff. (Pl. Br. 2.) At the time Defendant e-filed its counterclaims, Plaintiff had not yet registered to e-file and therefore was not

receiving Notices of Electronic Filing.  (Pl. Br. 2–3.)  Additionally, the Case Management Order was not yet in place which, subsequently, ordered the parties to use e-filing.  (Pl. Br. 2; *see also* Case Management Order, Apr. 22, 2008.)  Although Defendant e-filed the counterclaims with the Court on March 14, 2008, Plaintiff was not served with the counterclaims under Rule 5(b) of the North Carolina Rules of Civil Procedure ("Rule 5(b)") until March 18, 2008.  (Pl. Br. 2.)

The Court finds that Plaintiff was correct in that the time period to respond to Defendant's counterclaims did not begin until Plaintiff was served under Rule 5(b) because an Order was not yet entered requiring the parties to use e-filing.  If such an Order had been entered, Plaintiff would have been served under Business Court Rules 6.4 and 6.5 when *Defendant* received the Notice of Electronic Filing. Even though Plaintiff would not have received the Notice of Electronic Filing because he had not yet registered to e-file, Business Court Rule 6.4 states that e-filing is "deemed complete only upon receipt of such Notice of Electronic Filing by *the person filing* the paper."  BCR 6.4 (emphasis added).  Additionally, all parties have an affirmative duty to check the status of cases they have in front of the Business Court before they are registered to e-file as the Court's filings are all made via the electronic system.

The second matter of interest is counting days to determine the date a response or filing is due.  When counting days to determine when Plaintiff's response to Defendant's counterclaims was due, Defendant used the following formula:  thirty days under Rule 12(a) + any weekend or holiday under Rule 6(a) + three days under Rule 6(e).[1]  (Pl. Br. (citing N.C.R. Civ. P. 12(a), 6(a), (e)).)  This is not the correct formula.  The correct formula for the computation of a time period during which a filing is required is as follows:  number of days allowed under applicable statute + three days under Rule 6(e) + any weekend or holiday under Rule 6(a).  The Court notes that the three days under Rule 6(e) is added to the end of the time period allowed by statute regardless of whether that time period ends on a Saturday, Sunday, or legal holiday.  It is at the end of the additional three days

---

[1] All references to "rules" are references to North Carolina Rules of Civil Procedure.

that Rule 6(a) applies.

As demonstrated above, Plaintiff was served with Defendant's counterclaims on March 18, 2008.  The thirty days allowed under Rule 12(a) for a response would then have ended on April 17, 2008, a Thursday.  The additional three days allowed under Rule 6(e) ended on April 20, 2008, a Sunday.  Plaintiff's response to Defendant's counterclaims was therefore due under Rule 6(a) on April 21, 2008, a Monday.

If an Order requiring e-filing had been entered beforehand, service would have occurred on March 14, 2008.  The thirty days allowed under Rule 12(a) for a response would then have ended on April 13, 2008, a Sunday.  The additional three days allowed under Rule 6(e) would have ended on April 16, 2008, a Wednesday.  Plaintiff's response to Defendant's counterclaims would have been due on April 16, 2008.

IT IS SO ORDERED, this the 5th day of May, 2008.